■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADAMES ORTIZ, Appellant. [713 NYS2d 484] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered July 25, 1990, convicting him of manslaughter in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, an off-duty police officer, left his car blocking a street, preventing the victim, Stephen Kelly, from driving through. Kelly asked the defendant to move the car and the defendant refused. During an ensuing fight, the defendant struck Kelly with his service revolver. Kelly then grabbed for the gun, and the defendant fired several shots, one of which killed Kelly.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that the defense of justification was disproved beyond a reasonable doubt. There was legally sufficient evidence to support the conclusion that the defendant was the initial aggressor and that the victim was unarmed. While the defendant contends

that the testimony of the prosecution witnesses was incredible, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.